## No. 8125.

### STATE OF LOUISIANA VS. JOHN SOMNIER.

| 33 | 237 |
|----|-----|
| 45 | 934, |
| 33 | 237 |
| 48 | 1312 |
| 33 | 237 |
| 115 | 202 |

Act No. 44 of 1877, providing that the Clerk of the District Court shall be *ex officio* member of the jury Commission, does not confer upon him an additional office, in violation of the Constitutional restriction.

It is no legal ground of complaint for the accused, that the judge, in his discretion, excused some jurors of the regular *venire*.

When the jury of talesmen ordered by the judge is exhausted, he has the authority to order a second or third, or more, if necessary.

After the legal foundation has been established, verbal evidence is admissible of the dying declarations of the deceased.

Verbal evidence is also admissible of the statement of the deceased, that his physician informed him he was going to die.

The testimony of the sheriff is admissible to show that the accused, through Counsel, waived his right to be present in court during the trial of his Motion for a new trial.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Martel*, Judge *ad hoc*.

*J. C. Egan*, Attorney General, for the State, Appellee.
*John N. Ogden* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   The defendant having been convicted of murder, without

capital punishment, and sentenced to the penitentiary for life, urges, on appeal, the following grounds for relief, which we shall review in the order in which they are presented:

1st. He complains of the refusal of the judge to sustain his motion to quash the array of jurors, on the ground that the clerk of the court had participated in the drawing thereof, as *ex officio* jury commissioner, which latter office he could not hold, under the constitutional provision prohibiting any one from holding at the same time more than one office of trust or profit, except that of justice of the peace or notary public. Act No. 44, of 1877, provides that the clerk of the District Court shall be *ex officio* member of the jury commission; and we cannot agree with counsel of the accused in the conclusion that this legislation confers an additional office to the clerk. It only imposes additional duties and functions to the clerk, who cannot be charged for that reason as holding more than one office. The duty of assisting the jury commissioners in the drawing of the jury are made part of his duties as clerk, and he receives no appointment or commission as jury commissioner from any source. The legislation which requires him *ex officio* to perform the duties of jury commissioner, cannot be construed as clothing him with an additional office, more than the constitutional provision which makes him *ex officio* parish recorder of conveyances, mortgages, etc. Art. 121 Const. Our conclusion is, therefore, that the act does not violate the Constitution, and that the motion to "quash the jury" was properly overruled.

2d. He next complains of having been forced to trial in the absence of eight jurors on the regular *venire.* We are informed by the judge *ad hoc*, in the bill of exceptions, that the absent jurors had been excused from further attendance by the judge of the Court, and for causes satisfactory to him.

Such an act was within the legal discretion of the judge, and the accused cannot complain, especially as it appears that there were twenty-one jurors in attendance—a number more than sufficient to try the case. See State vs. Rountree, 32 An., not yet reported, and authorities there quoted; State vs. Kane, 32 An. 999.

These reasons dispose of the third objection urged by the accused, as to the course of the judge *ad hoc* in ordering talesmen, without first requiring the attendance of the absent jurors who had been excused by the judge presiding.

4th. The accused also complains of the order of the judge in summoning a second jury of talesmen after the first had been exhausted. The law which authorizes the judge to order a jury of talesmen has for object to secure a trial, to which the accused is entitled under the Constitution; and if a first summons is exhausted, a second or a third, or

a necessary number, must be resorted to, or otherwise the end of the law would be defeated, and the accused, being thus denied his constitutional right of a speedy trial, could justly complain.

The judge is expected to order a reasonable number of talesmen; and if more jurors are challenged for cause or otherwise than he anticipated, it becomes his imperative duty to continue his summons until a jury is completed.

5th. The judge is charged with error for permitting parol testimony to prove the dying declarations of the deceased, which had been taken down in writing, the latter having been excluded as testimony on the objection of the accused.

The written declaration having been made under oath, was excluded by the judge, who correctly held that it was nothing but the affidavit of the deceased, and, as such, not admissible, whereupon he admitted parol testimony of the dying declarations.

We know of no law which requires the dying declarations of a deceased person to be taken, or to be proved in writing; and, therefore, parol testimony was properly admitted in proof of such declarations after proper foundation had been shown therefor. 8 An. 514; 12 An. 274; State vs. Trivas, 32 An., 1086.

6th. There is no more force in the complaint against the course of the judge in allowing a witness to state that deceased had told him that his physician had said he would die. We are informed by the bill of exceptions that this was narrated by the witness as a part of the dying declaration of the deceased, and as such it was properly admitted. The opinion of his physician, thus expressed, contributed to confirm the belief of the deceased in his approaching death or in his impending dissolution, the condition precedent to the admission as evidence of his declaration touching the crime of which he was a victim.

7th. To the complaint that the judge did not reduce his charge to the jury in writing, the answer is, that nothing in the record shows that he was requested so to do.

8th. The accused also complains of the judge's ruling in admitting the testimony of Deputy Sheriff Hays on the motion in arrest of judgment. The record shows that the testimony was received without objection on the part of the accused, and it was properly admitted to show that the accused, through counsel, had waived his right of being present during the trial of his motion for a new trial. The law requiring the presence of the accused during all the stages of his trial, is intended for his own benefit and advantage, and confers a right which he has full power to waive during an unimportant part of his trial, and it was competent for the State to prove such waiver.

9th. The accused finally urges error, on the ground of his not

being present in court when his motion for a new trial was tried and determined. It is shown by the record, as mentioned in the objection last disposed of, that his absence was an act of his own free will and choice, during an insignificant proceeding, and he cannot be heard to complain.

It appears from the record that the motion for a new trial was made *pro forma*, involving a simple question of law, requiring the taking of no testimony; and we conclude that no rule of law requires the presence of the accused in court during the trial and determination of such a motion. State vs. Clark, 32 An. 558; State vs. Ricks, O. B. 53, page 341.

We have given a serious consideration to the numerous charges of error and irregularities relied upon by the accused for relief from conviction and sentence on a heinous offense; and, after a careful examination of the record, and a close investigation of all the authorities quoted by counsel on both sides, we reach the conclusion that, with the advantage of an able and zealous defense, the accused has had a fair, legal and impartial trial, and that we are powerless to afford him any relief from the doom that awaits him.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.